# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FRANCIS E. SZALAY,**
**Claimant Below, Petitioner**

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 18-0506** (BOR Appeal No. 2052360)
(Claim No. 2017018722)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Francis E. Szalay, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Denise D. Pentino and Aimee N. Stern, its attorneys, filed a timely response.

The issue on appeal concerns Mr. Szalay's application to reopen his claim for permanent total disability consideration. The claims administrator denied the reopening of the claim for permanent total disability benefits in an Order dated May 17, 2017. The Workers' Compensation Office of Judges, by Order entered November 22, 2017, reversed the claims administrator's decision and found that Mr. Szalay has met the 50% threshold under West Virginia Code § 23-4-6(n)(1) (2018). The Office of Judges remanded the claim to the claims administrator with directions to further process Mr. Szalay's application consistent with West Virginia Code § 23-4-6(n)(1) and West Virginia Code of State Rules § 85-5-1 (2006). This appeal arises from the Board of Review's Final Order dated May 15, 2018, in which the Board affirmed the decision of the Office of Judges and modified the decision to reflect that Mr. Szalay may not produce additional evidence of permanent total disability after June 18, 2017.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Szalay worked at Murray American Energy Inc.'s, Ohio County Coal Company. On November 16, 2016, he completed a Retiree Enrollment Form ("Enrollment Form"), requesting to retire from the company effective November 16, 2016. He indicated on the Enrollment Form that he was 65 years old. He had completed 44.75 years of signatory service at the time of his retirement. The UMWA Health and Retirement Funds sent correspondence to Mr. Szalay on December 2, 2016, advising that his application for a retirement pension had been approved with an effective date being February 1, 2016.

On February 1, 2017, Mr. Szalay filed a workers' compensation claim for occupational noise induced hearing loss. He was examined by Ronald Wilkinson, M.D., on January 26, 2017. Dr. Wilkinson found 21.45% permanent impairment due to occupational noise induced hearing loss, based upon audiology testing. By Order dated April 10, 2017, the claims administrator granted Mr. Szalay a 10.65% permanent partial disability award, which represented the 21.45% recommended by Dr. Wilkinson less the 10.80% permanent partial disability award previously awarded to him in Claim No. 2003043535.

Mr. Szalay filed an application for permanent total disability benefits on April 17, 2017. He listed his prior permanent partial disability awards as follows: Claim No. 930034595, 19% for a low back injury; Claim no. 20030043535, 10.8% for hearing loss; Claim No. 2016017902, 20% for a right hip injury; and Claim No. 2017018722, 10.65% for hearing loss. The permanent partial disability awards received by Mr. Szalay totaled 60.45%. The claims administrator issued an Order dated May 17, 2017, denying Mr. Szalay's application for permanent total disability benefits on the basis that (1) he retired with a regular service pension after 44.7 years of service, thus voluntarily removing himself from the labor market; and (2) he has not reached the required 50% threshold needed to file for a permanent total disability award. Mr. Szalay protested the claims administrator's decision.

On November 22, 2017, the Office of Judges reversed the claims administrator's Order, finding that Mr. Szalay had met the 50% statutory threshold for filing a permanent total disability application. The Office of Judges concluded that the consideration of whether Mr. Szalay's application for permanent total disability benefits was properly rejected on the basis of accepting a retirement pension is premature, as the claims administrator should have limited its reopening review to the issue of whether Mr. Szalay meets the 50% threshold of West Virginia Code § 23-4-6(n)(1).

On May 15, 2018, the Board of Review adopted the findings and conclusions of the Office of Judges, and modified the decision to reflect that Mr. Szalay may not produce additional evidence of his alleged permanent total disability after June 18, 2017, due to his receipt of regular, old-age Social Security benefits. The Board of Review affirmed the remainder of the Office of Judges decision, including the conclusion that Mr. Szalay has met the 50% threshold set forth in West Virginia Code § 23-4-6(n)(1).

On appeal, Mr. Szalay argues that he should be evaluated for permanent total disability consideration without modification on the evidence to be introduced, as directed by the Board of Review in its Order dated May 15, 2018. In reviewing the November 22, 2017, Order of the Office

of Judges, the Board of Review found that the analysis and conclusions were affected by error of law insofar as West Virginia Code § 23-4-24(a) (2018) was not addressed. The Code section provides:

> (a) Notwithstanding any provision of this chapter to the contrary, except as stated below, no claimant shall be awarded permanent total disability benefits arising under subdivision (d) or (n), section six of this article or section eight-c of this article who terminates active employment and is receiving full old-age retirement benefits under the Social Security Act, 42 U.S.C. §401 and 402. Any claimant shall be evaluated only for the purposes of receiving a permanent partial disability award premised solely upon the claimant's impairments. This subsection is not applicable in any claim in which the claimant has completed the submission of his or her evidence on the issue of permanent total disability prior to the later of the following: Termination of active employment or the initial receipt of full old-age retirement benefits under the Social Security Act. Once the claimant has terminated active employment and has begun to receive full old-age social security retirement benefits, the claimant may not produce additional evidence of permanent total disability nor shall the claim be remanded for the production of the evidence.

W. Va. Code § 23-4-24(a).

The record indicates that Mr. Szalay last worked for the Employer on January 12, 2016, after which he was granted Social Security Disability benefits. On December 2, 2016, his application for a UMWA pension was approved. He filed his application for permanent total disability benefits on April 17, 2017. Mr. Szalay began receiving regular old-age Social Security benefits on June 18, 2017, when he turned 66 years old. The Board of Review concluded that Mr. Szalay may not produce additional evidence of permanent total disability pursuant to W. Va. Code § 23-4-24(a).

Mr. Szalay argues that the Board of Review committed reversible error because the only issue that was on appeal was whether Mr. Szalay met the 50% threshold to be considered for permanent total disability. After review, we agree with the Board of Review's decision. A preponderance of the evidence demonstrates that Mr. Szalay retired with a service pension on November 16, 2016, and he began receiving old-age Social Security benefits on June 18, 2017, when he turned 66 years of age. In light of Mr. Szalay receiving regular, old-age Social Security benefits, the Board was required to prohibit him from submitting evidence of his alleged permanent and total disability after that date as stated in West Virginia Code § 23-4-24(a).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison